IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 5 2021
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| MARCUS A. MURPHY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:20-CV-048-Z |
| § | |
| AMARILLO NATIONAL BANK, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

On June 2, 2020, Defendant Amarillo National Bank ("ANB") filed its "Motion to Dismiss for Failure to State a Claim" ("Motion to Dismiss") (ECF No. 7) along with a brief in support and attached exhibits (ECF No. 7-1). In the Motion to Dismiss, Defendant moves the Court to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 8(a)(2) ("Rule 8"), 12(b)(1) ("Rule 12(b)(1)"), and 12(b)(6) ("Rule 12(b)(6)"). Defendant argues Plaintiff lacks standing to bring a breach of contract claim, and moves for dismissal under Rule 12(b)(1) on that claim. Defendant also argues Plaintiff failed to allege sufficient facts to state a claim upon which relief can be granted on all of his claims, arguing for dismissal under Rule 12(b)(6), or Rule 8 in the alternative, for all claims. For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss.

**BACKGROUND**

**A. Factual Allegations**

On June 5, 1998, Plaintiff's sister, Nikki Murphy, entered into a secured mortgage loan agreement with Defendant for the purchase of real property located at 307 Garrett Street in Borger, Texas in Hutchinson County. ECF No. 3 at 2. The $19,400.00 loan was secured by the real

property. *Id.* Nikki Murphy's monthly mortgage payment was $205.00. *Id.* at 3. After approximately half of the principal was paid off, and a balance of $9,267.83 was owed, payments stopped, the account became delinquent, and Defendant initiated foreclosure and eviction proceedings. *Id.*

Plaintiff alleges by his Complaint that he was the rightful owner of the property. *Id.* at 7. On August 6, 2015, a Quitclaim Deed for the real property was executed, ostensibly transferring ownership of the property to Plaintiff, but it was not filed with the Hutchinson County Clerk until August 29, 2019, over four years later. *Id.* Plaintiff claims, without specifying a date, that he "sought in good faith" to assume the mortgage with Defendant. *Id.* Plaintiff was not notified of the foreclosure proceedings and/or the sale of property proceedings that was scheduled for March 3, 2020. *Id.* Plaintiff also claims he was the current occupant of the property at the time of the Defendant's scheduled sale. *Id.* at 8.

Plaintiff states that he, not his sister, made fifty-four payments of $205 to the Defendant, totaling approximately $10,800.00. *Id.* at 10. Additionally, Plaintiff claims that he placed over 10,000 hours of physical labor into the property. *Id.*

Much of Plaintiff's Complaint is legal argument or conclusions concerning each cause of action, and not statements of fact. *See id.* Plaintiff repeats the above factual allegations for each of his four causes of action:

(1) Breach of Contract,
(2) Petition to Quiet Title,
(3) Trespass to Try Title, and
(4) Slander of Title.

*Id.* at 11–24.

## B. The parties' positions

On June 2, 2020, Defendant filed a Motion to Dismiss (ECF No. 7). Defendant begins by noting the *absolute* absurdity of Plaintiff's damages calculations of over $14 million dollars for a loan originally valued at $20,000. *Id.* at 7. Defendant further argues that all four claims fail to state a claim for relief, and Plaintiff lacks standing on his breach of contract claim, as he was not a party to the contract.

Defendant notes that Plaintiff filed this Complaint on February 28, 2020, three days prior to the sale of the property. *Id.* at 8. Defendant also attached the Mortgage Note/Loan Agreement on the real property in question, showing Plaintiff is not a party to the mortgage loan agreement, which was signed only by Plaintiff's sister. ECF No. 7-1 at 4–5. Further, the Deed of Trust, filed with the Hutchinson County Clerk, makes *no mention* of Plaintiff whatsoever, and only identifies Nikki Murphy as the owner of the property. *Id.* at 7–13. Further, the Deed of Trust clearly indicates that the property, *and any improvements made to the property*, operate as the collateral and security for the loan. *Id.* at 8. The agreement additionally states that any transfer of the property (e.g. by Quitclaim Deed or otherwise), without the *prior written consent* of Defendant ANB, can operate to require payment in full of the note at such time. *Id.*

Also attached to the Motion to Dismiss is the Quitclaim Deed filed of record in Hutchinson County, Texas, by Plaintiff. ECF No. 7-1 at 15–16. The document reflects the dates of transfer and of filing indicated in Plaintiff's Complaint.[1] *Id.*

---

[1] "It is well-established that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Carter v. Target Corp.*, 541 Fed. Appx. 413, 416 (5th Cir. 2013) (unpublished) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)). Here, the Mortgage Note, the Deed of Trust, and the Quitclaim Deed were referenced in the complaint and are central to Plaintiff's claim as they are essential in determining whether Plaintiff has stated a valid claim.

On June 19, 2020, Plaintiff filed his Response to the Motion to Dismiss (ECF No. 10). In the Response, Plaintiff makes additional claims regarding the loss of his personal property as a result of the sale of the property and eviction conducted after the present lawsuit was filed. *Id.* at 2–3, 9. Plaintiff asserts that Defendant's Motion to Dismiss is an attempt to force Plaintiff to file an "early affidavit" and convert the Rule 12(b)(6) motion into a motion for summary judgment. *Id.* at 6. Plaintiff asserts that as "master of his pleadings," he has sufficiently pleaded all facts to state a claim for each cause of action, without the need to further amend his claims. *Id.* Plaintiff goes on the inform the Court: "Therefore, Plaintiff respectfully submits that although he is otherwise entitled to file an amended-complaint following a Rule 12(b)(6)-dismissal, Plaintiff chooses instead to stand on the original-complaint and appeal the dismissal, if one is granted to Defendant." *Id.* at 8.

Plaintiff argues that his affidavit, which he alleges will be filed during discovery, will "prove once and for all" he has legitimate ownership of the property. *Id.* at 10. "Plaintiff leaves the deep philosophical-issue about Factual-Allegations versus Conclusory-Statements, and whether sufficient-facts were alleged to the court." *Id.* Thus, the Court must proceed by analyzing these "deep philosophical questions" below.

On June 25, 2020, Defendant filed a Reply to the Plaintiff's Response (ECF No. 11). By the Reply, Defendant argues Plaintiff has waived his claims by his failure to respond to the arguments in the Motion to Dismiss. *Id.* at 3–4.

**LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute. *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019). "The requirement that jurisdiction be established as a threshold matter spring[s] from the

4

nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

When a motion to dismiss for lack of subject-matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Further, where a claim could be dismissed under Rule 12(b)(1) or Rule 12(b)(6), "the court should dismiss only on the jurisdictional ground … without reaching the question of failure to state a claim … ." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). By doing so, courts avoid issuing advisory opinions. *Steel Co.*, 523 U.S. at 101. Additionally, this prevents courts without jurisdiction "from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161.

A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* One essential aspect of proving jurisdiction is proof of standing, because the federal courts must decide cases and controversies rather than act as roving philosopher kings passing judgment on the validity of the nation's laws. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Broadrick v. Oklahoma*, 413 U.S. 601, 610-11 (1973).

A motion to dismiss pursuant to Rule 12(b)(6) is analyzed under the same plausibility standard as a motion to dismiss under Rule 12(b)(1). *Lane v. Halliburton*, 529 F.3d 548, 557 (5th

Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is nevertheless required to provide more than labels and conclusions." *Johnson v. East Baton Rouge Fed'n of Teachers*, 706 Fed. App'x 169, 170 (5th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

Rule 8 requires that a civil pleading submitted to the Court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Rule 8 also requires that the pleading contain "a demand for the relief sought." FED. R. CIV. P. 8(a)(3). Although no technical form is required, each allegation in a pleading must be simple, concise, and direct. FED. R. CIV. P. 8(d)(1). In reviewing the adequacy of a pleading, the task of this Court is not to decide if the pleading party will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

ANALYSIS

The Court starts by examining Plaintiff's push for leniency in reviewing his pleadings due to his *pro se* status. The Court then determines what factual allegations are contained in Plaintiff's Complaint versus any legal conclusions he has merely stated. Finally, the Court individually considers each of the four actions asserted in the Complaint, along with Defendant's arguments in the Motion to Dismiss, Plaintiff's Response, and Defendant's Reply for each claim.

6

## A. Pro Se Status

Plaintiff is a lawyer licensed in Colorado who is proceeding *pro se* in this case — he is not licensed in Texas or admitted to practice before this District. Further, Plaintiff has not sought to proceed *pro hace vice* as an attorney in this matter, since he is representing only himself and there are no other plaintiffs to this matter. Plaintiff argues he is entitled to leniency in his pleadings before the Court because he is a *pro se* litigant (ECF No. 10 at 4); however, throughout his Complaint, Plaintiff states legal conclusions "in his professional legal opinion." *See* ECF No. 3.

By his Response, Plaintiff also frequently references statements made in those same "legal opinions" as a basis to deny the Motion to Dismiss in support of his argument that he has made sufficient factual allegations to meet his pleading requirements. *See* ECF No. 10. Thus, the Court determines that he is not entitled to the leniency normally afforded *pro se* plaintiffs.

"While pro se parties are normally accorded more leniency in the construction of their pleadings, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court need not afford a licensed attorney such leniency when the attorney appears pro se." *Hamlett v. Ashcroft*, No. 3:03-CV-2202-M, 2004 WL 813184, at *6 (N.D. Tex. Apr. 14, 2004), *report and recommendation adopted*, No. 3:03-CV-2202-M, 2004 WL 1074028 (N.D. Tex. May 11, 2004) (citing *Harbulak v. Suffolk County*, 654 F.2d 194, 198 (2d Cir. 1981) (holding that the plaintiff "is a practicing attorney and, therefore, cannot claim the special consideration which courts customarily grant to pro se parties"; *Tindall v. Gibbons*, 156 F.Supp.2d 1292, 1294 n. 1 (M.D. Fla. 2001) ("Although the Court generally construes the pleadings of a pro se litigant liberally, because Plaintiff is a practicing attorney, the Court is not required to show him special leniency.") (citation omitted); *DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1997) ("Plaintiff, proceeding pro se, is an attorney, and the

court has a right to expect skillfully drawn pleadings from her.")). Thus, the Court holds Plaintiff to the same standard as other attorneys.

### B. Legal Conclusions Versus Factual Allegations

The deference afforded to a plaintiff's pleadings is not absolute. *See Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) ("We will not strain to find inferences favorable to the plaintiffs. Nor do we accept conclusory allegations, unwarranted deductions, or legal conclusions." (internal quotations and citations omitted)). Conclusory allegations in the complaint are not accepted as true. *Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

The Court has analyzed Plaintiff's Complaint in detail. In the Background, *supra*, the Court identified all *factual allegations* made by Plaintiff in his Complaint. Other statements in the Plaintiff's Complaint, aside from his statements on damages, are either legal briefing or legal conclusions. Thus, the Court owes no deference under Rule 12(b)(6) in reviewing these legal conclusions, and is not required to accept such statements as true.

In essence, Plaintiff's claims rest on the signing and filing of a Quitclaim Deed (executed between himself and his sister, without the knowledge of Defendant), prior to the foreclosure and sale of the real property in question. The essential facts (e.g. the loan was executed between Plaintiff's sister and Defendant, the loan was in default, etc.) are not in dispute by the parties (with the exception of any damage allegations). As such, the Court must only determine if these *facts*, accepted as true, state a claim for relief under any cause of action asserted by the Plaintiff.

### C. Claim 1: Breach of Contract

To show standing, Plaintiff must prove to the Court that (1) he suffered a particularized and concrete injury in fact; (2) he can fairly trace this injury to Defendant's conduct; and (3) the Court likely could redress this injury. *See Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018).

It is undisputed that Plaintiff was not a party to the Deed of Trust executed by his sister with the Defendant. Defendant ANB asserts that Plaintiff's claim for breach of contract is best interpreted as a "third-party beneficiary" claim. "The fact that a person might receive an incidental benefit from a contract to which he is not a party does not give that person a right of action to enforce the contract." *MCI Telecomm. Corp. v. Texas Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) (citations omitted). A third party may recover on a contract made between other parties only if the parties intended to secure some benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit. *Id.* The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied. *Id.* Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a third party to benefit from the contract. *Id.* All doubts are resolved against third-party-beneficiary status. *Id.* (citations omitted). The Court agrees that Plaintiff is not a third-party beneficiary to the contract, and would have no standing to enforce it as such.

However, the Court also considers, although not asserted by Plaintiff, if his factual allegation concerning the execution of the Quitclaim Deed makes a case for standing under "assignment" contract principles. The Court finds it does not.

"An assignment of contractual rights and obligations is a contract in and of itself." *Cavazos v. JPMorgan Chase Bank, N.A.*, No. 4:09-CV-648, 2009 WL 10694330, at *6 (S.D. Tex. Sept. 11,

9

2009), *report and recommendation adopted*, No. CV H-09-648, 2009 WL 10694338 (S.D. Tex. Sept. 30, 2009) (citing *Jones v. Cooper Industries, Inc.*, 938 S.W.2d 118, 123 (Tex. App.—Houston [14th Dist.] 1996, *writ denied*). In *Cavazos*, the court analyzed whether a Quitclaim Deed operated to "assign" obligations under a prior contract, as follows:

> Plaintiffs have at no point accepted any of the responsibilities of the purported assignment. *See McKinnie v. Milford*, 597 S.W.2d 953, 958 (Tex. Civ. App.—Tyler 1980, *writ ref'd n.r.e.*) ("Acceptance by the assignee of such an assignment is interpreted ... as an assent to become an assignee of the assignor's rights and as a promise to the assignor to assume the performance of the assignor's duties."). Plaintiffs have made no statement that binds them to the obligations of the contract. *See Lone Star Gas v. Mexia Oil & Gas, Inc.*, 833 S.W.2d 199, 203 (Tex. App.—Dallas 1992, *no writ*) ("In order to expressly assume a contractual obligation, there must be actual promissory words, or words of assumption, on the part of the assignee."). Plaintiffs have made no statement that can be construed as accepting the duties and obligations of Borrower on the contract. There is no evidence whatsoever that Plaintiffs expressly assumed Borrower's obligations under the Deeds of Trust and Notes. The court concludes that the Quitclaim Document is not a valid assignment. Therefore, Plaintiffs are strangers to the original contracts and have no standing to sue on the them.

*Id.* at *6.

Here, Plaintiff's execution of a Quitclaim Deed from his sister fails entirely to assume any of her obligations to Defendant ANB. ECF 7-1 at 14–16. As such, Plaintiff has no standing to bring a breach of contract claim on the Deed of Trust or the Note, and this Court dismisses the claim pursuant to Rule 12(b)(1).

### D. Claim 2: Petition to Quiet Title

The elements of a quiet title claim are: (1) an interest in specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App.—Texarkana 1991, writ denied). Plaintiff must plead sufficient facts as to all three elements of the

claim. Even accepting Plaintiff's allegations concerning his Quitclaim Deed, Plaintiff has entirely failed to allege any factual allegations concerning the "invalidity" or "unenforceability" of the perfected lien filed by Defendant in 1998. Further, as noted above, Plaintiff failed to assume any responsibilities on the Note or the Deed of Trust through the Quitclaim Deed.[2] Thus, Plaintiff has failed to allege sufficient facts regarding all elements of such a claim, and the claim is dismissed pursuant to Rule 12(b)(6). As Plaintiff has declined an opportunity to amend such claims, ECF No. 10, the Court finds providing an opportunity to amend before entering Judgment would be futile.

### E. Claim 3: Trespass to Try Title

Plaintiff must establish a *prima facie* right of title by proving: (1) a regular chain of conveyances from the sovereign; (2) a superior title from a common source; (3) title by limitations; or (4) prior possession, which has not been abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Casstevens v. Smith*, 269 S.W.3d 222, 235 (Tex. App.—Texarkana 2008, *pet. denied*). Plaintiff has failed to make any allegations concerning elements (1), (3) or (4). However, Plaintiff has made the legally conclusory statement that he possesses "superior title" to the property. (ECF 3 at 7). This legal conclusion is supported solely by the factual allegation that his sister executed a Quitclaim Deed and he assumed payments on the Note in her stead. *Id.* These factual allegations do not state a claim for "superior title" to the Defendant's perfected lien.

Plaintiff's Complaint does not contain factual allegations challenging Defendant's title by perfected lien, nor any facts concerning the "superiority" of Plaintiff's Quitclaim Deed. *See* ECF 3. Further, Defendant has correctly stated that Nikki Murphy's chain of title was cut off by the

---

[2] If executing such a "quitclaim" deed – on its own, as is the only factual allegation here – allowed for the cancellation, invalidation, or unenforceability of a prior perfected mortgage lien, well, the Court can say with certainty that mortgage lenders would no longer be in the business of lending money to purchase real propety.

11

secured lender's foreclosure. "When a secured lender like ANB forecloses its lien on real property, the prior owner's chain of title is cut off by the trustee's deed that is executed in favor of the purchaser at the foreclosure sale." ECF 7 at 14 (citing *Lombardi v. Bank of Am.*, No. 3:13-CV-1464-O, 2014 WL 988541 at *19 (N.D. Tex. Sept. 5, 2014)). As such, Plaintiff has failed to state a claim for Trespass to Try Title, and his claim should be dismissed under Rule 12(b)(6).

### F. Claim 4: Slander of Title

The elements for a slander of title action are: (1) the uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; *and* (6) the loss of a specific sale. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Plaintiff makes no factual allegations whatsoever in his Complaint concerning these elements. Thus, the Court finds dismissal of this claim is appropriate under Rule 12(b)(6).

### CONCLUSION

For the reasons stated above, it is hereby ORDERED that Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's claim for breach of contract is DISMISSED without prejudice for lack of standing. Plaintiff's claims for Petition to Quiet Title, Trespass to Try Title and Slander of Title are DISMISSED with prejudice for failure to state a claim upon which relief can be granted. Furthermore, because Plaintiff has indicated by his briefing that he does not intend to amend any claims, the Court finds providing an opportunity to amend his Complaint to be futile.

SO ORDERED.

January 5, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE